**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KARL SEURING,

Petitioner,

v.

DELTA AIR LINES, INC.,

Respondent.

No.   19-73334

LABR No.   2018-AIR-00033

MEMORANDUM[*]

On Petition for Review of an Order of the
Department of Labor

Submitted December 9, 2020[**]
Seattle, Washington

Before:  BERZON, MILLER, and BRESS, Circuit Judges.

Karl Seuring petitions for review of an order of the Department of Labor's

Administrative Review Board (ARB) denying for failure to comply with ARB rules

Seuring's petition for review of an Administrative Law Judge (ALJ) decision.  We

have jurisdiction under 49 U.S.C. § 42121(b)(4)(A).  We may set aside the ARB's

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

order if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *see* 49 U.S.C. § 42121(b)(4)(A) (providing that review of an ARB order in the court of appeals "shall conform to chapter 7 of title 5, United States Code"). We deny the petition.

Seuring's original petition before the ARB failed to comply with 29 C.F.R. § 1979.110(a), which requires that "[t]he petition for review must specifically identify the findings, conclusions, or orders to which exception is taken." Rather than deny the petition on that basis, the ARB gave Seuring another opportunity to file a complying petition, but made clear he must do so "on or before **October 9, 2019**," or else "his petition for review will be **DISMISSED**." Seuring filed his amended petition one day late, on October 10, 2019. Seuring in a separate motion claimed he was close to retaining counsel who would seek to file a further amended petition. The ARB then waited another eighteen days before denying Seuring's original petition for non-compliance with 29 C.F.R. § 1979.110(a) and declining to accept his amended petition as untimely. Under the circumstances, this decision was reasonable and not an abuse of discretion.

Seuring errs in claiming he was not given an opportunity to argue equitable tolling before the ARB. Seuring did not request an extension of time before the ARB or explain why his untimeliness should be excused. Regardless, the ARB considered that "Complainant is self-represented and is seeking counsel" and concluded, after

giving Seuring eighteen more days to secure counsel or provide a status update, that "further delay is not in the interests of justice." "Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999), *as amended* (Mar. 22, 1999). Seuring has not demonstrated why he is entitled to equitable tolling or why the ARB's adherence to its procedural rules was an abuse of discretion or otherwise contrary to law.

**PETITION DENIED.**